On February 8, 2018, the Office of Disciplinary Counsel forwarded to this Court an order of the Arizona Supreme Court, dated July 17, 2017, suspending respondent for two years from the practice of law in Arizona, retroactive to June 13, 2017, the date respondent was suspended for failure to pay bar dues, followed by probation for two years. Thereafter, pursuant to Rule 29(b) of the Rules for Lawyer Disciplinary **557 Enforcement, Rule 413, SCACR, the Clerk of Court sent a letter to respondent, which included a copy of the disciplinary action, giving him thirty days to inform this Court of any claim that imposition of the identical discipline in South Carolina was not warranted and the reasons for any such claim. See Rule 29(b), RLDE ("Upon receipt of a certified copy of an order demonstrating that a lawyer admitted to practice in this state has been disciplined or transferred to incapacity inactive status in another jurisdiction, the Supreme Court shall issue a notice to the lawyer ... [d]irecting that the lawyer ... inform the Supreme Court, within 30 days from service of the notice, of any claim ... that the imposition of the identical discipline or transfer to incapacity inactive status in this state would be unwarranted and the reasons for that claim." (emphasis added) ). Respondent did not respond. Accordingly, the Court places respondent on interim suspension pursuant to Rule 17(c), RLDE, Rule 413, SCACR (a lawyer who fails to respond to inquiries from the Supreme Court may be placed on interim suspension).
IT IS ORDERED that respondent's license to practice law in this state is suspended until he responds to the Clerk's letter of April 11, 2018.
/s/ Donald W. Beatty, C. J.
FOR THE COURT